CARRIE W. SIMPSON, Appellant from Decree of Judge of Probate
In Re Estate of Jane A. Blethen.

Waldo.   Opinion June 6, 1914.

*Administratrix.   Aggrieved.   Appeal.   Decree.   Inventory.   Mortgage.   Petition.
Settlement.   Will.*

Jane A. Blethen died November 27, 1893, having no husband, and leaving as her
only heirs at law and next of kin three children, namely, Carrie W. Simpson,
the appellant, and Boutelle B. and Albert A. Blethen.   Jane A. Blethen, two
days before her death, signed an instrument which was intended to be her last
will and testament, but it contained only two witnesses.   Carrie W. Simpson
delivered to the two sons the money and personal property which they would
have received by the terms of the will, had it been valid.   The two brothers
gave receipts in full satisfaction, relinquishing all claims to their mother's
estate.

*Held:*

1.   The two sons, who presented the petition asking the Probate Court to
order appellant to file an inventory, had released all their interest in the estate
by the receipts executed by them, and were no longer proper parties to present
the petition.

2.   Not being legally interested in the estate, they were not parties who could
appeal from any decree by the court having jurisdiction over the estate, and
could not be proper persons to present a petition.

3.   It is not every person that is dissatisfied with a decree of the Probate Court
who is aggrieved within the meaning of the statute.

4.   Only those who have rights which may be enforced at law and whose pecuniary
interest might be established in whole, or in part, by the decree, are thus
interested in the estate.

On report.   Appeal sustained.   Petition dismissed.

This was a petition to the Probate Court of Waldo County by
Albert A. Blethen and Boutelle B. Blethen, brothers of Carrie W.
Simpson, Administratrix of the estate of Jane A. Blethen, and children
of Jane A. Blethen, late of Thorndike, in the county of Waldo,
deceased, asking that said Carrie W. Simpson be ordered to file an
inventory in the said Estate of Jane A. Blethen.   On the 27th day

of May, 1913, the Judge of Probate for said County, ordered said
Carrie W. Simpson, Administratrix as aforesaid, to file an inventory
of the real estate, goods and chattels, rights and credits of the estate
of the late Jane A. Blethen, at a Court next to be held at the Probate
Court Room at Belfast, in said County of Waldo. From that decree,
said Carrie W. Simpson appealed to the Supreme Judicial Court,
being the Supreme Court of Probate within and for the County of
Waldo next to be held on the third Tuesday of September, 1913.
After the testimony was taken out in the Supreme Judicial Court,
the case was reported to the Law Court by agreement of parties, for
decision, upon so much of the evidence as was legally admissible;
this Court to render such judgment as the legal rights of the parties
require.

The case is stated in the opinion.

*Dunton & Morse*, for appellant.

*John G. Smith*, for appellees.

SITTING: SAVAGE, C. J., SPEAR, KING, HALEY, HANSON,
PHILBROOK, JJ.

PHILBROOK, J.   Jane A. Blethen died November 27, 1893, having
no husband, and as her only heirs at law and next of kin, three
children, namely Carrie W. Simpson, the appellant, Boutelle B.
Blethen, and Albert A. Blethen. On the 25th of November, 1893,
two days before her death, she signed a brief instrument, which was
evidently intended to be a last will and testament; but the instru-
ment bore the signatures of only two witnesses. This intended will
was not presented for probate; but there was delivered by the appel-
lant to the two sons the money and personal property which they
would have received by the terms of the will if it had been a valid
testament. The two brothers thus receiving money and personal
property gave receipts to Carrie W. Simpson, the appellant and
remaining heir, for the money and personal property delivered to
them, both receipts containing the words, "In full satisfaction, I
hereby relinquish all claims to my said mother's estate, both personal
and real." Prior to the decease of Mrs. Blethen, she had conveyed
her real estate to Elijah Simpson, husband of the appellant, and
taken back a mortgage for $1,300. In 1897, it appears that this
appellant was appointed administratrix of the estate of Jane A.

Blethen, and according to the testimony of the appellant, this appointment was made for the sole purpose of having some one authorized by law to discharge the mortgage given to Jane A. Blethen. The appellant, who was then and is now the administratrix, filed no inventory of the estate upon which she was appointed to administer. In 1913, the two brothers presented a petition to the Judge of the Probate Court, asking that court to request the administratrix to return an inventory of the estate. Notice was ordered, and hearing held, and on the 27th day of May, 1913, the Judge of the Probate Court ordered, "that the said Carrie W. Simpson, administratrix, as aforesaid, file an inventory of the real estate, goods and chattels, rights and credits of the estate of the late Jane A. Blethen, deceased." From this order of the Probate Court, Carrie W. Simpson appealed to the Supreme Court of Probate, and after the testimony was taken out, the case was reported to the Law Court by agreement of parties for decision upon so much of the evidence as was legally admissible, this Court to render such judgment as the legal rights of the parties require.

From a careful examination of the record we are satisfied that the two sons, who presented the petition asking the Probate Court to order this appellant to file an inventory, had released all their interest in the estate by the receipts executed by them, and hence were no longer proper parties to present the petition. Not being legally interested in the estate they were not parties who could appeal from any decree made by the court having jurisdiction over the estate, and hence could not be proper persons to present a petition. "It is not every person that is dissatisfied with a decree of the Probate Court who is 'aggrieved' within the meaning of the statute, but only those who have rights which may be enforced at law and whose pecuniary interest might be established in whole, or in part, by the decree." *Moore* v. *Phillips*, 94 Maine, 421.

*Appeal sustained.*
*Petition dismissed.*